**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHNGTON,

*Plaintiff*,

v.

The U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

*Defendants*.

Civil Action No. 26-cv-3393 (BAH)

**JOINT STATUS REPORT**

Pursuant to the Court's October 8, 2026, Minute Order, Plaintiffs Citizens for Responsibility and Ethics in Washington ("CREW") and Defendants the U.S. Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") (collectively, the Parties) respectfully submit this Joint Status Report.

In the Parties' previous Joint Status Report of October 7, ECF No. 14, the Parties stated they would provide "an update on USCIS's processing and disclosure, including whether USCIS has made its initial disclosure expected October 9, 2026." USCIS did not meet the anticipated date of October 9. However, USCIS made its disclosure to Plaintiffs today, October 14. Defendants also stated they would provide the Court with an update on USCIS's ongoing search efforts. USCIS has completed its search and identified a low volume of potentially responsive records. USCIS is processing these records for possible disclosure to Plaintiffs.

In the Joint Status Report of October 8, the Parties further provided DHS would (1) provide a page number of responsive records from its search of DHS's Office of Public Affairs

("OPA") and (2) state that its search of the Office of the Deputy Assistant Secretary for Election Integrity was complete on or before today's date. DHS OPA has identified 20 pages of responsive records from OPA and will make a disclosure of these records on or before October 30, 2026. DHS has also completed its search of the Office of the Deputy Assistant Secretary for Election Integrity and identified a large volume of potentially responsive records. Currently, DHS has identified about 15,000 pages of potentially responsive records and is working to eliminate any duplicated records within those results. DHS will make an initial disclosure of these records on or before October 30, 2026, with additional records to follow thereafter.

**DEFENDANTS' VIEWS:**

Defendants maintain that briefing Plaintiff's Motion for a Preliminary Injunction, ECF No. 3, is unnecessary and that the Court should continue to stay consideration of Plaintiff's Motion. Plaintiff's Motion seeks expedited processing of Plaintiff's two FOIA Requests and a specific processing rate of 1000 pages per week. Both DHS and USCIS have effectively granted Plaintiff's request for expedited processing, and they are processing records at well in excess of their standard expedited processing rate.

Defendants propose the Parties meet and confer no later than Friday, October 16, and file another Joint Status Report with the Court on that date. In that meeting, the Parties will discuss narrowing the search terms as to DHS's search of the Office of the Deputy Assistant Secretary for Election Integrity. The Parties will then apprise the Court of those terms and propose a schedule for filing additional updates.

A narrower search query would result in a lower number of nonresponsive records included in the result and allow Defendant DHS to process Plaintiff's request more quickly. It is counter-productive at this juncture to agree to a processing rate when DHS may conduct another

search with modified search terms and otherwise does not have a final page count. Should Plaintiffs seek an Order from this Court directing Defendants to process Plaintiff's requests at a specific rate, Plaintiffs should renew their motion for a Preliminary Injunction or file a new motion, as Defendants have effectively granted expedited processing, have begun processing records in response to Plaintiff's requests, and have already made disclosures. Consequently, the underlying facts and assumptions made in Plaintiff's Motion have changed.

Defendants disagree with Plaintiff's position "that the only dispute at this time is the processing rate." *Infra*. Defendants dispute that Plaintiff is entitled to preliminary relief at all. As the Parties have been attempting to negotiate a resolution to this case without briefing the pending Preliminary Injunction Motion, Defendants request that should this Court order a response, it direct Defendants to file an opposition to Plaintiff's Motion on or before Friday, October 23, 2026.

**PLAINTIFF'S VIEWS:**

Plaintiff agrees the parties should meet and discuss search terms to potentially narrow the DHS's search of the Office of the Deputy Assistant Secretary for Election Integrity, and that the parties should be required to file another JSR by Friday, October 16, updating the Court on their efforts to agree to search terms and DHS's deduplication efforts.

However, Plaintiff also believes that this Court should now require Defendants to respond to the portion of Plaintiff's motion for preliminary injunction pertaining to the processing rate, or to order renewed expedited briefing solely pertaining to the processing rate, and then order an appropriate processing rate to govern further production. That is because the parties are not aligned on a processing rate for the high volume of responsive records that DHS has discovered, and the processing rate is effectively the only issue in the preliminary injunction motion in

dispute. While Plaintiff intends to work with Defendants on search terms to narrow the results, it appears unlikely that the parties will be able to agree on an appropriate processing rate for those results. Defendants have informed Plaintiff that they intend to use a "priority" processing rate of 500 pages a month. That does not represent a "priority" processing rate in cases where there is a preliminary injunction. *See, e.g., Middle E. F. v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185–87 & n.3 (D.D.C. 2018) (noting that, "[i]n a number of recent cases in this District, a production rate of 500 pages per month has been approved"; and collecting cases). Given the high volume of responsive records and the urgency of the impending elections (as explained in the motion for preliminary injunction), Plaintiff maintains that the proposed processing rate of 1,000 pages per week is appropriate. Defendants state that they do not agree that with Plaintiff's position "that the only dispute at this time is the processing rate," but also admit that "Defendants have effectively granted expedited processing." Defendants' position of functionally non-opposing the merits of the preliminary injunction but also not agreeing to an expedited processing rate has left Plaintiff with the only option of asking this Court to order an appropriate processing rate. Given the length of time that the motion for preliminary injunction has been pending and that effectively the only dispute at this time is the processing rate, Plaintiff suggests that the Court order Defendants to respond to that portion of the preliminary injunction motion by Friday, October 16, 2026.

Dated: October 14, 2026.

Respectfully submitted,

*/s/ Lauren C. Bingham*
Lauren C. Bingham (D.C. Bar No. 90043462)
Samantha M. Creighton (D.C. Bar No. 90043959)*
Kayvan Farchadi (D.C. Bar No. 1672753)
John B. Hill (D.C. Bar No. 90044825)
Nikhel S. Sus (D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596 Washington, DC 20044
(202) 408-5565
lbingham@citizensforethics.org
screighton@citizensforethics.org
kfarchadi@citizensforethics.org
jhill@citizensforethics.org
nsus@citizensforethics.org

**admitted pro hac vice*

*Attorneys for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General

/s/ Michelle Bennett
MICHELLE BENNETT
Assistant Director
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel: (202) 305-8902
Email: michelle.bennett@usdoj.gov

*Attorneys for Defendants*