**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHNGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>The U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendants*. | Civil Action No. 26-cv-3393 (BAH) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 15, 2026, Minute Order, Plaintiffs Citizens for Responsibility and Ethics in Washington ("CREW") and Defendants the U.S. Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") (collectively, the Parties) respectfully submit this Joint Status Report.

**DEFENDANTS VIEWS:**

This Court directed the Parties to "file, by October 16, 2026, a joint status report advising the Court of the number of responsive records remaining after defendants' deduplication efforts and the result of the parties meet and confer efforts to select search terms to narrow DHS's search." Min. Order of October 15, 2026. Defendants provide the following updates to the Court.

On October 14, 2026, DHS completed its preliminary search of the Deputy Assistant Secretary for Election Integrity's Office (the "DAS for Election Integrity"). The Deputy Assistant Secretary is the sole custodian of the records searched. On the afternoon of October 14, DHS's preliminary results indicated 574 documents that were potentially responsive, totaling 14,964

pages prior to deduplication. As such, Defendants reported in the Parties' Joint Status Report of October 14 that DHS had identified about 15,000 pages of potentially responsive records, subject to deduplication. *See* Joint Status Report of October 14, 2026, ECF No. 15.

On October 15, 2026, Defendant's Counsel learned from DHS that it had performed a second search employing broader search terms. This search was performed to ensure DHS's search captured the scope of Plaintiff's FOIA request. DHS can now report that, using these search terms, it has identified a volume of 1514 documents, totaling 32,395 pages of potentially responsive records within the custody of the DAS for Election Integrity before deduplication. After deduplication, the volume of pages did not decrease. These documents are emails with electronic files attached. Some of these attachments contain hundreds of pages themselves.

Today, October 16, 2026, the Parties met and conferred pursuant to the Court's Minute Order of October 15. Defendant's Counsel shared the development of DHS's search with Plaintiff's Counsel. Pursuant to the Court's direction, the Parties discussed potential search terms to use against the volume of potentially responsive records. Plaintiff's Counsel subsequently provided Defendant's Counsel with proposed search terms. These terms were forwarded to DHS, who ran the queries against DHS's preliminary results. These results of queries using these terms were shared with Plaintiff. While the queries reduced the amount of documents, and correspondingly the amount of pages, the queries did not do so significantly. The greatest reduction resulted in some 153 documents and 14,211 pages.

**DEFENDANT'S PROPOSAL:**

Defendants maintain that Plaintiff's Motion for a Preliminary Injunction, ECF No. 3, should continue to be stayed. Defendants recall that DHS has agreed to disclose any non-exempt, responsive records from its search of the DHS Office of Public Affairs on or before October 30,

2026. *See* Joint Status Report of October 14, 2026. Additionally, on October 14, 2026, USCIS made an initial disclosure to Plaintiffs, and is continuing to process records for disclosure to plaintiffs. *See id*. Should USCIS's efforts indicate more potentially responsive records exist, USCIS will conduct further searches as required.

Defendants propose DHS begin processing the records obtained through the query using Plaintiff's terms that resulted in the greatest reduction of pages. DHS will process these records at a rate of 500 pages per month. DHS will make an interim disclosure to plaintiffs of any non-exempt, responsive records on or before October 30, 2026. The Parties should meet and confer, with an additional Joint Status Report on or before October 30, 2026. That Joint Status Report will detail DHS's disclosure of these records, as well as any other records currently being processed by DHS or USCIS as a result of this litigation. Thereafter, the Parties should meet and confer and file an accompanying Joint Status Report every thirty days, until further order from this Court.

Should Plaintiffs seek an Order from this Court directing Defendants to process Plaintiff's requests at a specific rate greater than 500 pages per month, Plaintiffs should file a new motion, as Defendants have begun processing records in response to Plaintiff's requests and have already made disclosures. Consequently, the underlying facts and assumptions made in Plaintiff's Motion for a Preliminary Injunction and its accompanying affidavits have changed. Should this Court order a response to Plaintiff's Motion, this Court should order Defendants to respond seven days after the service such order. Should Plaintiff's file a new motion for preliminary relief, this Court should order Defendants to respond seven days after the service of such motion, pursuant to Local Civil Rule 65.1(c).

**PLATINIFF'S VIEWS:**

Plaintiff appreciates the work that DHS has done to conduct a preliminary search for these records, and Plaintiff was previously optimistic that the parties could work together to resolve the issues presented in the preliminary injunction motion by the expedited production of records. However, the high volume of records from the Office of the Deputy Assistant Secretary for Election Integrity and Defendants' refusal to agree to an expedited processing rate, as well as continuing recent events that underscore the urgent need for disclosure of these records mean that Plaintiff now believes that the parties will not come to agreement on an appropriate processing rate. In light of the parties' inability to agree on how to move forward, Plaintiff suggests it is appropriate for this Court to now order a briefing schedule so that it may rule on the pending motion for preliminary injunction and order a processing rate.

Recent events underscore the need for Plaintiff to receive documents on an expedited schedule, including that yesterday, the United States sued the State of California for injunctive relief to prevent California from tabulating "vote-by-mail ballots received from individuals identified by the Federal Government as likely noncitizens until those individuals' citizenship status can be verified." *See* Compl., *United States v. California*, No. 26-cv-12025 ¶ 63 (C.D. Ca. Oct. 15, 2025) ("*California* Compl."). The lawsuit explains that "months before… the Federal Government alerted the California Secretary of State that a preliminary review of California's voter role revealed that numerous likely noncitizens were registered to vote in California," citing and attaching Secretary Mullin's July 16 letter to the California Secretary of State, one of the focuses of Plaintiff's FOIA requests and the instant complaint. *Id*. at ¶ 3; *see* Pl.'s Compl. ¶¶ 26, 42. The lawsuit alleges that "days" prior, the federal government sent a letter to California election officials stating that it had sent a thumb drive containing "a list of people the Federal

Government believes are likely noncitizens who were sent a vote-by-mail ballot to participate in the November 2026 federal election." *California* Compl. ¶ 4; *see* https://admin.cdn.sos.ca.gov/pdf/other/2026-10-13-ltr-to-ca-sos.pdf. The letter had asked election officials to "review the list within 48 hours" and "segregate" those individuals' ballots until their citizenship could be confirmed. *Id*. When California election officials refused, the federal government filed suit. *See* https://www.sos.ca.gov/administration/news-releases-and-advisories/2026-news-releases-and-advisories/california-secretary-state-shirley-n-weber-phd-issues-statement-response-us-department-justice-letter; *California* Compl. ¶¶ 4-6.

In light of these new developments, Plaintiff requests that this Court proceed such that it may order an appropriately expedited processing rate in this case. Plaintiff does not believe that it is necessary for it to file a renewed motion, as the legal background remains the same and any updates to the factual situation can be addressed in Defendants' response and Plaintiffs' reply. Given the need to inform the public about the federal government's continued efforts to disenfranchise voters during the NVRA quiet period, and less than three weeks before the midterm elections, Plaintiff maintains that the proposed processing rate of 1,000 pages per week is appropriate. Because the appropriate processing rate is effectively the only dispute at this time, and the motion for preliminary injunction has been pending for over two weeks, Plaintiff suggests that the Court order Defendants to respond to the motion by Wednesday, October 21, 2026, and Plaintiff will reply by Friday, October 23, 2026.

Dated: October 16, 2026.

Respectfully submitted,

/s/ *Lauren C. Bingham*
Lauren C. Bingham (D.C. Bar No. 90043462)
Samantha M. Creighton (D.C. Bar No. 90043959)*
Kayvan Farchadi (D.C. Bar No. 1672753)
John B. Hill (D.C. Bar No. 90044825)

Nikhel S. Sus (D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596 Washington, DC 20044
(202) 408-5565
lbingham@citizensforethics.org
screighton@citizensforethics.org
kfarchadi@citizensforethics.org
jhill@citizensforethics.org
nsus@citizensforethics.org

**admitted pro hac vice*

*Attorneys for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General

/s/ Michelle Bennett
MICHELLE BENNETT
Assistant Director
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel: (202) 305-8902
Email: michelle.bennett@usdoj.gov

*Attorneys for Defendants*