**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,

*Plaintiff*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

*Defendants*.

Civil Action No. 26-cv-3393 (BAH)

**JOINT STATUS REPORT**

Plaintiffs Citizens for Responsibility and Ethics in Washington ("CREW") and Defendants the U.S. Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") (collectively, "the Parties") respectfully submit this Joint Status Report pursuant to the Court's Minute Order of October 23, 2026.

**DEFENDANTS' POSITION:**

This Court's Minute Order of October 23 ordered "USCIS and DHS to continue processing plaintiff's FOIA requests as soon as practicable, processing no fewer than 1,000 pages of potentially responsive records per week, and to produce any non-exempt responsive records on a rolling basis every week until all nonexempt responsive records have been released." Min. Order of Oct. 23, 2026. That Order further provided that the Parties shall submit this Joint Status Report, "advising the Court of the status of this matter and stating whether plaintiff's Motion for Preliminary Injunction is now moot." *Id.*

In the Parties' Joint Status Report of October 23, the Parties stated that USCIS would disclose any remaining responsive, non-exempt records identified in response to Plaintiff's FOIA request. ECF No. 18 at 1. On October 26, USCIS issued a response letter and made a disclosure to Plaintiff of those records. USCIS may undertake additional searches and make supplemental disclosures as required if DHS requests consultation.

In the Parties' Joint Status Report of October 23, the Parties stated that DHS has identified about 20 pages of potentially responsive records from the DHS Office of Public Affairs ("OPA"). *Id*. at 2. The Parties also stated that DHS had processed about 13,000 pages of records from the Deputy Assistant Secretary for Election Integrity ("DAS for Election Integrity") and that most were nonresponsive. *Id*. at 1-2. The Parties provided that "DHS will produce the non-exempt portions of the responsive records from [the DHS Office of Public Affairs ("OPA" and the Deputy Assistant Secretary for Election Integrity ("DAS for Election Integrity")] on or before October 30, 2026.

The potentially responsive records identified in DHS's search of OPA are in consultation with another government entity and likely exempt in whole or in part. On October 27, DHS issued a letter informing Plaintiff that 14 pages of records identified in response to its request were in consultation. On October 29, Defendants' counsel informed Plaintiff's counsel that DHS's letter of October 27 pertained to the OPA records and provided a general description of their contents. Also on October 29, DHS issued a supplemental response letter and disclosed one page of non-exempt, responsive records from its search of OPA, the final and publicly available "Preventing Alien Voting" fact sheet. As the remaining records from its search of OPA are in consultation, DHS cannot make a disclosure of those records to Plaintiff.

The number of pages processed by DHS from its search of the DAS for Election Integrity is approximately 13,000. All the pages that DHS has processed to date from its search of that office have been nonresponsive. Consequently, DHS does not have non-exempt, responsive records from that office to disclose to Plaintiff. DHS has been processing a subset of records identified using a search query proposed by Plaintiff that reduced the universe of records from about 32,000 to about 14,211 pages of records. DHS understood that narrowing to agreeable with Plaintiff.

Defendants' position is that Plaintiff's Motion for a Preliminary Injunction, ECF No. 3, is now moot. The relief sought in Plaintiff's Motion is an injunction "requir[ing] DHS and USCIS to expedite processing of CREW's FOIA requests, processing no fewer than 1,000 pages of potentially responsive records per week, and to produce any non-exempt responsive records—accompanied by a *Vaughn* index, if appropriate—on a rolling basis every week until all non-exempt responsive records have been released." Pl.'s Mot. at 1.

As requested by the Parties in the Joint Status Report of October 23, this Court ordered Defendants "to continue processing plaintiff's FOIA requests as soon as practicable, processing no fewer than 1,000 pages of potentially responsive records per week, and to produce any non-exempt responsive records on a rolling basis every week until all nonexempt responsive records have been released." Min. Order of Oct. 23. That Order afforded Plaintiff the relief sought in its Motion. Pl.'s Mot. at 1. Consequently, that Motion is now mooted. *See Landmark Legal Found. v. EPA*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012) (finding expedited processing request mooted where the defendant agency had "already stated that [plaintiff's] request is 'at the top of the FOIA processing queue"); *Muttitt v. Dep't of State*, 926 F. Supp. 2d. 284, 296 (D.D.C. 2013) ("[I]t appears that an important question to ask in determining whether a requester's [expedited

processing claim] is moot is what relief the requester still has available if the denial is deemed incorrect.”).

**PLAINTIFF’S POSITION:**

DHS has failed to comply with their commitment to produce records from DHS OPA by today, and failed to comply with the parties’ agreement memorialized in the Court’s October 23 minute order, which required DHS to “continue to process[] plaintiff's FOIA requests as soon as practicable, processing no fewer than 1,000 pages of potentially responsive records per week, and to produce any non-exempt responsive records on a rolling basis every week until all nonexempt responsive records have been released.” This is evident for the following reasons:

- DHS referred 14 pages of OPA records for consultation, and has informed counsel for Plaintiff that it cannot estimate when they will be processed, let alone produced to Plaintiff. DHS has therefore plainly failed to “produce” any non-exempt, responsive OPA records by today, in violation of its commitment in multiple prior JSRs and the Court’s minute order to produce any non-exempt responsive records by today. *See* ECF nos. 17, 18. The October 29 “disclosure” DHS references above consists of merely a link to the publicly-available “Preventing Alien Voting” fact sheet—a document explicitly referenced in Plaintiff’s FOIA request (which requested, inter alia, communications concerning the preparation and clearance of that fact sheet).
- DHS has not processed any additional documents from the Office of the DAS for Election Integrity beyond the 13,000 pages it told this Court that it processed in last week’s JSR, in violation of its commitment in the parties’ October 23 JSR and the Court’s minute order to continue to process records at a rate of 1,000 pages per week.

- DHS now represents that all 13,000 records from the Office of the DAS for Election Integrity that it previously processed are not responsive and that it has nothing to produce. Its previous representation was that "most" of the documents were not responsive. It has not explained this discrepancy.

DHS has therefore put Plaintiff in the unfair position of having foregone briefing on its preliminary injunction motion in exchange for a disclosure today that it will not receive, and a processing rate to which DHS is not adhering. There is no argument that DHS has met its obligation to produce any non-exempt responsive records. Under FOIA, interagency consultations are a *component* of an agency's obligation to "process" records. FOIA's statutory scheme places such interagency consultations at the front end of the recipient agency's processing sequence, "*before* a 'determination' can be made." *CREW v. FEC*, 711 F.3d 180, 189 n.8 (D.C. Cir. 2013) (emphasis added); *see Elec. Priv. Info. Ctr. v. DOJ*, 296 F. Supp. 3d 109, 123 n.4 (D.D.C. 2017) ("[I]f the consultation process is used," an agency consults "with another before making *its own* release determination") (emphasis added); *see also* 5 U.S.C. § 552(a)(6)(B)(iii) (directing agencies to conduct consultations only "to the extent reasonably necessary to the proper *processing* of the particular request") (emphasis added). An agency in receipt of a valid FOIA request has not discharged its obligation to finish "processing" a responsive record until after it has sent the record for consultation, the consultation is complete, the original responding agency makes a "determination" regarding that responsive record, and then releases or withholds it. Even where a record has been *fully referred* to another agency for processing because the records originated with that agency—which is not the case here—the original recipient agency continues to bear "responsibility" for ensuring the "processing the request" complies with FOIA. *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983)**.** This is

consistent with other courts in this district, which have defined “process” as “meaning produce, deem unresponsive, or determine that an exemption applies to” a record. *See Minute Order, Democracy Forward Foundation v. DOJ*, 1:25-cv-01210-AHA (Apr. 7, 2026 D.D.C.).

Accordingly, because DHS has not granted Plaintiff’s requested relief and has not adhered to its agreement that would provide that relief, Plaintiff cannot agree that the motion for preliminary injunction is moot at this time.

Plaintiff suggests that the Court may continue to stay its motion for preliminary injunction and instead enforce the parties’ agreement memorialized in the October 23 JSR and minute order by clarifying that referring records for consultation does not satisfy DHS’s obligation to process or produce records pursuant to the parties’ agreement and this Court’s minute order, and order DHS to disclose the records from DHS OPA (which it previously committed to disclosing by today) no later than 5:00 pm EST on November 2, 2026, as well as continue to process[] plaintiff's FOIA requests as soon as practicable, processing no fewer than 1,000 pages of potentially responsive records per week, and to produce any non-exempt responsive records on a rolling basis every week until all nonexempt responsive records have been released.

Dated: October 30, 2026.

Respectfully submitted,

/s/ Lauren C. Bingham
Lauren C. Bingham (D.C. Bar No. 90043462)
Samantha M. Creighton (D.C. Bar No. 90043959)*
Kayvan Farchadi (D.C. Bar No. 1672753)
John B. Hill (D.C. Bar No. 90044825)
Nikhel S. Sus (D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596 Washington, DC 20044
(202) 408-5565
lbingham@citizensforethics.org
screighton@citizensforethics.org
kfarchadi@citizensforethics.org
jhill@citizensforethics.org
nsus@citizensforethics.org

*admitted pro hac vice

*Attorneys for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General

/s/ Elizabeth J. Shapiro
ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
(202) 514-5302
Elizabeth.Shapiro@usdoj.gov

*Attorneys for Defendants*