**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br>*Plaintiff*,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br>*Defendants*. | Civil Action No. 26-cv-3393 (BAH) |

**DEFENDANTS' ANSWER TO PLAINITFF'S COMPLAINT**

Defendants, the U.S. Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS"), by and through undersigned counsel, provides the following Answer to the numbered paragraphs of Plaintiff Citizens for Responsibility and Ethics in Washington's ("CREW") Complaint, ECF No. 1.

Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. Defendants respond to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

1. Paragraph 1 cites to a YouTube video to which the Court is respectfully referred for a true and correct statement of its contents.

2. Paragraph 2 cites to a press release to which the Court is respectfully referred for a true and correct statement of its contents.

3. Paragraph 3 cites to a press release and a social media post to which the Court is respectfully referred for a true and correct statement of their contents.

4. Paragraph 4 cites to a YouTube video to which the Court is respectfully referred for a true and correct statement of its contents.

5. Paragraph 5 cites to a press report to which the Court is respectfully referred for a true and correct statement of their contents.

6. Defendants admit that Plaintiff filed FOIA requests on August 14, 2026, one directed to DHS and another directed to USCIS, that those requests contained requests for expedited processing and a fee waiver, and respectfully refers the Court to Plaintiff's requests for a full and accurate statement of their contents. Defendants deny all remaining allegations in this paragraph.

7. Paragraph 7 characterizes CREW's FOIA requests, to which the Court is respectfully referred for a true and accurate statement of their contents.

8. Admit.

9. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

10. Paragraph 10 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Court is respectfully referred for a full and accurate statement of its contents.

11. This paragraph contains legal conclusions as to jurisdiction, to which no response is required. To the extent a response is deemed required, this allegation is admitted to the extent this Court has subject matter jurisdiction over actions brought under the FOIA and subject to its limitations.

12. This paragraph is a legal conclusion as to venue, to which no response is required. To the extent a response is deemed required, Defendants admit only that 5 U.S.C. § 552(a)(4)(B)

governs venue in actions brought pursuant to the FOIA, and that venue lies in this district for claims brought under the FOIA.

13. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the statement contained in this paragraph.

14. DHS admits the first sentence. The second sentence is a legal conclusion to which no response is required.

15. USCIS admits the first sentence. The second sentence is a legal conclusion to which no response is required.

16-25. These paragraphs purport to describe the FOIA, DHS's FOIA regulations, and the operation of those provisions, which are legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the cited authorities speak for themselves and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

26. Paragraph 26 cites a social media post and a press report, to which the Court is respectfully referred for a full and accurate statement of their contents.

27. Paragraph 27 cites a YouTube video, to which the Court is respectfully referred for a full and accurate statement of its contents.

28. Paragraph 28 cites a YouTube video, to which the Court is respectfully referred for a full and accurate statement of its contents.

29. Paragraph 29 cites a social media post and a provision of the United States Codes, to which the Court is respectfully referred for a full and accurate statement of their contents.

30. Paragraph 30 cites a press report, to which the Court is respectfully referred for a full and accurate statement of its contents.

31. Paragraph 31 cites a press report and a social media post, to which the Court is respectfully referred for a full and accurate statement of their contents.

32. Paragraph 32 cites an opinion by a judge of this District Court and an order of the United States Supreme Court, to which the Court is respectfully referred for a full and accurate statement of their contents.

33. Denied.

34. Paragraph 34 cites two YouTube videos, to which the Court is respectfully referred for a full and accurate statement of their contents.

35. Denied.

36. Paragraph 36 cites a press report, to which the Court is respectfully referred for a full and accurate statement of its contents.

37. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, this paragraph cites two opinions by judges of this District Court, to which the Court is respectfully referred for a full and accurate statement of their contents.

38. Denied.

39. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, this paragraph cites two opinions by judges of this District Court, to which the Court is respectfully referred for a full and accurate statement of their contents.

40. Denied.

41. Defendants admit that CREW submitted FOIA requests to DHS and USCIS respectively on August 14, 2026. Defendants respectfully refer the Court to those requests as attached to Plaintiff's Complaint for a full and accurate statement of their contents.

42. This paragraph sets out CREW's description of its own FOIA requests. Defendants respectfully refer the Court to those requests as attached to Plaintiff's Complaint for a full and accurate statement of their contents.

43. Defendants admit that CREW sought a fee waiver in each request. Defendants respectfully direct the Court to the requests themselves for a full and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

44. Defendants admit that CREW sought expedited processing in each request. Defendants respectfully direct the Court to the requests themselves for a full and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

45. Admit.

46. Denied.

47. Defendants admit that DHS acknowledged CREW's request on September 23, 2026, assigned it tracking number 2026-HQFO-03605, and referred the request to USCIS. DHS refers the Court to the acknowledgment email as attached to Plaintiff's Complaint (Exhibit D) for a full and accurate statement of its contents.

48. Denied. Defendants aver that Plaintiff was informed of its appeal rights and that Plaintiff did not appeal DHS's decision to refer the request.

49. DHS admits it had sent no further communication to CREW as of the date of the Complaint.

50. Defendants incorporate their responses in all preceding paragraphs.

51. This paragraph states legal conclusions to which no response is required.

52. Defendants admit that CREW sought expedited processing in each request. Defendants respectfully direct the Court to the requests themselves for a full and accurate statement of their contents.

53. This paragraph states a legal conclusion to which no response is required.

54. This paragraph states a legal conclusion to which no response is required.

55. Defendants lack knowledge as to CREW's primary purpose.

56. This paragraph states a legal conclusion to which no response is required.

57. This paragraph states a legal conclusion to which no response is required.

58. This paragraph purports to describe a provision of the FOIA. To the extent a response is required, Defendants aver that the cited authorities speak for themselves and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

59. This paragraph states a legal conclusion to which no response is required.

60. This paragraph states a legal conclusion to which no response is required.

61. Defendants incorporate their responses in all preceding paragraphs.

62. This paragraph states legal conclusions to which no response is required.

63. This paragraph states legal conclusions to which no response is required.

64. This paragraph states legal conclusions to which no response is required.

65. This paragraph states a legal conclusion to which no response is required.

66. This paragraph states a legal conclusion to which no response is required.

67. The remainder of Plaintiff's complaint sets forth Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny

that Plaintiff is entitled to the relief that they seek or to any other relief in this action. Defendants further deny all allegations in Plaintiffs' Complaint not expressly admitted or denied.

Dated: November 13, 2026.

JONATHAN D. GUYNN
Acting Assistant Attorney General

/s/ *Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
(202) 514-5302
Elizabeth.Shapiro@usdoj.gov

*Counsel for Defendants.*